United States District Court
Eastern District of Arkansas

Michael McCormack

v.

Dexter Payne, Director ADC
Marshall Reid, Deputy Dir. ADC
Jeremy Andrews, Warden ADC
Andrea Culclager, Warden ADC
Musselwhite, Warden ADC
Pierce, Dep. Warden ADC
Young, Dep. Warden ADC
Isaac Wade, Captain ADC
Cory Hayney, Lieutenant ADC
West, Sergeant ADC
Keon Walker, Sergeant ADC
Eddie Knight, Sergeant ADC
Gunn, C.O. ADC
Taylor, C.O. ADC
Belor, C.O. ADC

Case No. 4:22-cv-00191-BRW-JJV

Hon. _____

This case assigned to District Judge Wilson
and to Magistrate Judge Volpe

Jury Trial Demanded

# Verified Complaint for Damages

## I. Introduction

1. This is a §1983 action filed by Plaintiff Michael McCormack a state prisoner alleging violation of his constitutional rights by prisoner officials displayed deliberate indifference and reckless disregard for safety by failing to act reasonably in response to danger. Plaintiff is seeking injunctive relief and money damages.

## II. Jurisdiction

2. Jurisdiction of this Court is invoked pursuant to 28 § 1331 in that this is a civil action arising under the Constitution of the United States.

3. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343 (a) (3) in that this action seeks to redress the deprivation, under color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the jurisdiction of the United States.

III. Parties

4. Plaintiff Michael McCormack at all times relevant was confined by the Arkansas Department of Corrections (ADC) at East Arkansas Regional Unit, Tucker, Maximum Security Unit, and Cummins Unit.

5. Defendant Dexter Payne at all times relevant was the Director of the ADC and is responsible for the overseeing of the Department as a whole. He is sued is in his official capacity.

6. Defendant Marshall Reid at all times relevant was the Deputy Director of the ADC and is responsible for the grievance procedure. He is sued in his official capacity.

7. Defendant Jeremy Andrews at all times relevant was the Head Warden at E.A.R.U. and was responsible for reviewing all administrative appeals of disciplinary charges filed E.A.R.U. inmates. He is sued in his official capacity.

8. Defendant Andrea Culclager at all times relevant was the Head Warden at Tucker Max. Sec. Unit and Cummins Unit and is responsible for reviewing all administrative appeals of disciplinary charges filed by T.M.U. and Cummins

Unit inmates. She is sued in her official capacity.

9. Defendant Musselwhite at all times relevant was the Head Warden at Cummins Unit and is responsible for reviewing all administrative appeals of disciplinary charges filed by Cummins Unit inmates. He is sued in his official capacity.

10. Defendant Pierce at all times relevant was the Deputy Warden for security at Cummins Unit and is in charge of the supervision and discipline of all correctional staff at Cummins. He is sued in his official capacity.

11. Defendant Young at all times relevant was the Deputy Warden of operations at Cummins Unit and is in charge of day-to-day operations within the prison. He is sued in his official capacity.

12. Defendant Isaac Wade is a correctional Captain at Cummins Unit and is in charge of operations in the administrative segregation housing. He is sued in his official capacity.

13. Defendant Corey Hayney is a correctional lieutenant at Cummins Unit and is in charge of certain operations in the administrative segregation housing unit. He is sued in his official capacity.

14. Defendants West, Keon Walker, and Eddie Knight at all times relevant were correctional sergeants at Cummins Unit and are in charge of certain operations within the administrative segregation housing unit such as transporting inmates to the shower. They are all sued in their official capacities.

15. Defendants Gunn, Taylor, and Beler at all times relevant were correctional officers employed at the Cummins Unit whose responsibilities included the transportation of inmates to the shower in administrative segregation housing unit. They are all being sued in their official capacities.

## IV. Exhaustion of Available Remedies

16. Plaintiff exhausted his administrative remedies before filing this complaint.

5

## V. Factual Statement

17. On January 4, 2017 an incident occurred in administrative segregation housing cell-block 4 at E.A.R.U. between Plaintiff and another inmate which resulted in the Plaintiff being moved to another area of the prison.

18. After being moved Plaintiff wrote a grievance concerning the incident to warn staff and administration to keep Plaintiff and the other inmate away from each other.

19. During the rest of Plaintiff's time at E.A.R.U. a few more incidents occurred that branched off the Jan. 4 incident that Plaintiff wrote grievances on.

20. On December 19, 2017 a meeting took place between the Plaintiff, Warden and Defendant Jeremy Andrews, and Defendant Dep. Director Marshall Reid pertaining to another incident that Plaintiff was involved in. During this meeting the Jan 4, 2017 incident was brought up by Defendant Reid in which he acknowledged the danger to Plaintiff if he was kept at same unit as other inmate due to said inmates high ranking gang status.

21. Plaintiff was then transferred to Tucker Maximum Sec. Unit on December 19, 2017.

22. Around June 2018 the other inmate was also transferred to Tucker (MSU)

23. In June 2018 Plaintiff wrote a letter to Defendant Head Warden Andrea Culclager warning of the danger that Plaintiff was in.

24. In September 2018 inmates at Tucker (MSU) began spreading the rumor that Plaintiff was a "snitch," further putting Plaintiff in danger.

25. In December 2018 Plaintiff heard of conspiracy to take his life and that there was a $1,000 hit on him.

26. In December 12, 2019 Plaintiff was transferred to Cummins Unit. Defendant Culclager by this time had become Head Warden at the Cummins Unit.

27. On June 9, 2021 Plaintiff was in 19 barracks of general population at Cummins Unit when he discovered that a number of inmates were planning to stab the Plaintiff for the $1,000.

28. On June 9, 2021 after discovering this plot Plaintiff stabbed another inmate that he knew was involved in the plot and was then placed on administrative segregation.

29. While in administrative segregation Plaintiff was placed

in the same cell-block as the inmate that he stabbed for 6 months.

30. During this time period the inmate that Plaintiff stabbed obtained a full report, police reports, and prison report on the Plaintiff and started spreading the info along with rumors that the Plaintiff was a "snitch".

31. During this time Defendant's: Wade, Hayney, West, Walker, Knight, Gunn, Taylor, and Belar started perpetrating these rumors along with others such as that the Plaintiff was a sex offender.

32. During this time Defendant's: Wade, Hayney, West, Walker, Knight, Gunn, Taylor, and Belar started threatening to come into the cell on Plaintiff or allow other inmates to do so and to take all of Plaintiff's property.

## Claims For Relief

33. The failure of Defendant's Dexter Payne et al. to act on their knowledge of a substantial risk of serious harm to Plaintiff violated his Eigth Amendment right to be free deliberate indifference to his safety.

34. As a result of Defendant's Dexter Payne et al. failure, Plaintiff was daily subjected to the threat of violent attack

8

and also received emotional injuries.

## Negligent Failure to Protect

35. Defendant's Dexter Payne et al., owed Plaintiff a duty of reasonable care to protect him from assaults by other prisoners

36. Defendant's Dexter Payne et al. breached that duty by failing to provide protection when Plaintiff informed them of his fear of being assaulted and showed Defendant's the documents supporting his fear.

37. The breach of duty resulted in a serious threat of physical harm to the Plaintiff and this threat continues right now.

38. The breach of duty proximitly culled serious emotional injury.

## Relief Requested

Wherefore, Plaintiff requests that this Court grant the following relief:

A. Declare that Defendant's Dexter Payne et al. violated the Plaintiff's Eigth Amendment rights when they failed to protect him from known dangers and threats and was deliberatly indifferent to Plaintiff's safety by contributing to the constant threat to Plaintiff's safety.

B. Declare that Defendant's Dexter Payne et al. violated Plaintiff's First Amendment right not to be retaliated against for filing lawsuits.

C. Issue an injunction requiring that Defendant's provide transportation to another unit, preferrably an interstate compact transfer to

9

another state.

D. Award compensatory damages for Plaintiff's emotional injuries, and punitive damages against each defendant;

E. Grant Plaintiff such other relief as it may appear Plaintiff is entitled to.

x Michael McCormack    2-22-22
   Michael McCormack #141771
   Cummins Unit
   P.O. Box 500
   Grady, Ark. 71644

Michael McCormack #141771
Cummins Unit
P.O. Box 500
Grady, AR 71644

NEOPOST
02/23/2022
US POSTAGE

U.S. District Court
Clerk's office
600 W. Capitol Ave.
Suite A-149
Little Rock, AR 72201-3325